UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CANVS CORPORATION,

       Plaintiff,

v.                                  Case No:   2:14-cv-180-FtM-38CM

FLIR SYSTEMS, INC.,

       Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Defendant FLIR Systems, Inc.'s Motion to Stay Patent Litigation Proceeding Pending (1) Final Judgment in Parallel Court of Federal Claims Action; and (2) Inter Partes Review of Only Patent-In-Suit (Doc. 12) filed on May 20, 2014. Plaintiff CANVS Corporation filed a response in opposition on June 6, 2014. (Doc. 20). This matter is now ripe for review.

## Background

Plaintiff CANVS Corporation initiated this action on March 28, 2014, by filing a Complaint against Defendant FLIR Systems, Inc. (Doc. 1). The counts in the Complaint are Direct Infringement of U.S. Patent No. 6,911,652 (Count I), Inducement to Infringe U.S. Patent No. 6,911,652 (Count II), and Contributory Infringement of U.S. Patent No. 6,911,652 (Count III). The '652 Patent is entitled Low Light Imaging Device and has seven

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Claims. (Doc. 1, ¶¶6, 8). This action takes issue with FLIR's products such as the Clip On Thermal Imager device because CANVS asserts FLIR's products infringe the '652 Patent and especially Claim 5 of the '652 Patent. (See e.g., Doc. 1, ¶¶8-9).

CANVS has been litigating its '652 Patent against the United States in the Court of Federal Claims ("COFC") since 2010.[2] The COFC has found Claims 1, 2, 3, 6, and 7 of the '652 Patent to be invalid. The matter before the COFC is ongoing. In addition, FLIR recently filed a petition for *inter partes* review of all seven Claims of the '652 Patent with the United States Patent and Trademark Office (USPTO). To date, the petition has not been granted or denied by the USPTO. Now, FLIR requests a stay in this matter pursuant to the COFC litigation and potential *inter partes* review. CANVS opposes the motion.

**Standard**

There are a variety of circumstances that may justify a district court staying a matter pending the resolution of a related case in another court. Oretga Trujillo v. Conover & Co. Communications, Inc., 221 F.3d 1262, 1264 (11th Cir. 2000). A stay is not automatic, but instead must be based upon the circumstances of the individual case before the court. U.S. Nutraceuticals, LLC v. Cyanotech Corp., No. 5:12-cv-366-Oc-10PRL, 2013 WL 6050744, *2 (M.D. Fla. Nov. 15, 2013) (citation omitted). When determining if a stay is warranted, district courts consider whether a stay will (1) simplify the issues and streamline trial; (2) reduce the burden of litigation on the parties and the court; and (3) not unduly prejudice the non-movant. Lifewatch Services, Inc. v. Medicomp, Inc., No. 6:09-cv-1909-Orl-31DAB, 2010 WL 963202, at *1 (M.D. Fla. Mar. 16, 2010) (citing Baxa Crop v. Forhealth Techs., Inc., No. 6:06-CV-353, 2006 WL 4756455 (M.D.

---

[2] The United States is not a party to this action.

Fla. May 5, 2006)). A stay may be warranted by abstention principles. Oretga Trujillio, 221 F.3d at 1264 (citing Quackenbush v. Allstate Ins. Co., 517 U.S. 706 (1996)). If a stay is warranted pending the resolution of another case, a district court must properly limit the scope of the stay. Oretga Trujillio, 221 F.3d at 1264. Thus, a district court may not grant a stay that is indefinite in scope. Id. (citation omitted). The party seeking a stay bears the burden of showing that a stay is appropriate. U.S. Nutraceuticals, LLC, 2013 WL 6050744, at *2 (citing Landis v. N. Am. Co., 299 U.S. 248, 255 (1936)).

## Discussion

Upon review, the Court finds at this time the motion is due to be denied. The Court finds the posture of the COFC case is not persuasive to the instant motion. The COFC denied the United States' requests to present additional invalidity defenses as to Claims 4 and 5 of the '652 Patent. (See Doc. 20-1). Thus, the COFC likely will not provide guidance to this action. Further, FLIR's request to stay this matter pending the conclusion of the COFC litigation, and any possible appeal, is in essence a request to stay this matter indefinitely. An indefinite stay is unwarranted. See Oretga Trujillio, 221 F.3d at 1264.

In addition, the Court finds the current request to stay pursuant to the USPTO *inter partes* review is premature. The Court is unwillingly to risk granting a stay for a potential *inter partes* review. Automatic Mfg. Sys., Inc. v. Primera Tech., Inc., No. 6:12-cv-1727-Orl-37DAB, 2013 WL 1969247, at *3 (M.D. Fla. May 13, 2013) ("it seems clear that a stay of a patent infringement action is not warranted when based on nothing more than the fact that a petition for *inter partes* review was filed in the USPTO."); U.S. Nutraceuticals, LLC, 2013 WL 6050744, at *3 (explaining since it remained uncertain as to whether the petition for *inter partes* review would be granted, a stay would prejudice the plaintiffs'

ability to prosecute its claims and present a clear tactical advantage to the defendants); see also Procter & Gamble Co. v. Kraft Foods Global, Inc., 549 F.3d 842, 849 (Fed. Cir. 2008) ("a stay should ordinarily not be granted unless there is a substantial patentability issue raised in the inter partes reexamination proceeding"). This matter is in the early stages of litigation, accordingly, the Parties will not be prejudiced by moving forward with this litigation now. See Automatic Mfg. Sys., Inc., 2013 WL 1969247, at *3 (explaining that an underlying action would be left languishing on the court's docket with no discovery, position of the parties, or dispositive motions, if a stay was granted because a *inter partes* review was simply filed but later not granted by the USPTO.) In addition, at this time, a stay will not streamline issues at trial or reduce the burden of litigation for the Parties or the Court. See e.g., U.S. Nutraceuticals, LLC, 2013 WL 6050744, at *3. Thus, under the facts and circumstances of this case, a stay is not warranted.

Accordingly, it is now

**ORDERED:**

Defendant FLIR Systems, Inc.'s Motion to Stay Patent Litigation Proceeding Pending (1) Final Judgment in Parallel Court of Federal Claims Action; and (2) Inter Partes Review of Only Patent-In-Suit (Doc. 12) is **DENIED**. If the USPTO grants an *inter partes* review, then Defendant FLIR Systems, Inc. may file a new motion to stay; the Court will then take the motion along with CANVS Corporation's response under consideration.

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of June, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record