UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CANVS CORPORATION,

       Plaintiff,

v.                                          Case No: 2:14-cv-180-FtM-38CM

FLIR SYSTEMS, INC.,

       Defendant.
_____/

## **ORDER**[1]

This matter is before the Court on Defendant FLIR Systems, Inc.'s Renewed Motion to Stay Patent Litigation Proceedings Pending (1) *Inter Partes* Review of Only Patent-In-Suit; and (2) Final Judgment in Parallel Court of Federal Claims Action (Doc. #33) filed on October 28, 2014. Plaintiff CANVS Corporation filed its opposition (Doc. #35) on November 12, 2014. This matter is now ripe for review.

## **BACKGROUND**

On March 28, 2014, Plaintiff commenced this patent infringement action against Defendant. (Doc. #1). Plaintiff is the sole owner of United States Letters Patent 6,911,652 (the "'652 Patent"). The '652 Patent, titled Low Light Imaging Device, has seven claims that purport to describe advancements in night vision technology. (Doc. #1

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

at ¶¶ 6, 8). Defendant manufactures and sells thermal imaging products that allegedly infringe on one or more of the '652 Patent's claims. (Doc. #1 at ¶¶ 8-9).

On May 16, 2014, Defendant petitioned the U.S. Patent and Trade Office ("PTO") for *inter partes* review of the '652 Patent. (Doc. #33 at 2; Doc. #34-5). Defendant asserted the '652 Patent's seven claims were "obvious" under 35 U.S.C. § 103 and thus invalid.[2] (Doc. #34-7 at 5). Before the PTO decided whether to grant *inter partes* review, Defendant moved to stay this case pending resolution of its petition. (Doc. #12). The Court denied the motion (Doc. #21), but advised Defendant that if the PTO granted an *inter partes* review, it may file a new motion to stay (Doc. #21 at 4). On October 23, 2014, the PTO granted Defendant's petition and initiated *inter partes* review of all seven claims in the '652 Patent. (Doc. #34-7). Five days later, Defendant renewed its motion to stay this case. (Doc. #33).

Pertinent here, since August 11, 2010, Plaintiff has also been litigating a patent infringement action against the federal government (the "Government") in the United States Court of Federal Claims ("COFC") in which the '652 Patent is at issue. (Doc. #34-1). The Government moved for summary judgment on its affirmative defense of invalidity, contending the '652 Patent's claims were anticipated by an earlier-issued patent. (Doc. #34-2).[3] The COFC concluded claims 1-3 and 6-7 of the '652 Patent were anticipated by the earlier-issued patent and thus invalid. (Doc. #34-2; Doc. #34-3). That case is still pending before the COFC. (Doc. #34-1).

---

[2] Under 35 U.S.C. § 103, a patent is invalid "if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains."
[3] Under 35 U.S.C. § 102, a patent is invalid if it is anticipated by the prior art, that is, if "the invention was described in . . . a patent granted on an application for patent by another filed in the United States before the invention by the applicant for patent." 35 U.S.C. § 102(e).

2

With this background in mind, the Court turns to Defendant's Renewed Motion to Stay. (Doc. #33).

## **LEGAL STANDARD**

"Courts have broad discretion to manage their dockets, including the power to grant a stay pending the conclusion of PTO administrative proceedings." Automatic Mfg. Sys., Inc. v. Primera Tech., Inc., No. 6:12-cv-1727, 2013 WL 6133763, at * 1 (M.D. Fla. Nov. 21, 2013) (citation omitted). The party moving for a stay bears the burden of demonstrating that such relief is warranted. See id. (citing Landis v. N. Am. Co., 229 U.S. 248, 254-55 (1936)). As this Court has previously acknowledged,

> [i]n patent cases, a number of courts have reasoned that such stays should be liberally granted when there is a pending administrative proceeding before the PTO. . . . These courts posit that the time and effort expended in prosecuting the action would be wasted if the PTO's decision in the administrative proceeding drastically alters the nature of the case[.]

Id. (citations omitted).

When deciding a motion to stay, courts consider the following non-exhaustive factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; and (3) whether a stay will simplify the issues in question for trial of the case. See id.; Andersons, Inc. v. Enviro Granulation, LLC, No. 8:13-cv-3004, 2014 WL 4059886, at *2 (M.D. Fla. Aug. 14, 2014) (citations omitted). "The court's inquiry is not limited to these three factors – the totality of the circumstances governs." Automatic Mfg., 2013 WL 6133763, at *1 (citing Universal Elecs., Inc. v. Universal Remote Control, Inc., 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013)).

## **DISCUSSION**

Defendant seeks to stay this patent infringement action until the later of the COFC case or *inter partes* proceedings becoming final. ([Doc. #33 at 3](#)). Plaintiff argues that granting a stay would unduly prejudice it, be indefinite and immoderate, do little to simplify this litigation, and be inappropriate at this stage of the litigation. ([Doc. #35](#)). The Court will discuss the PTO *inter partes* review and the parallel COFC case individually below.

### A. *Inter partes* review

#### 1. Overview

An *inter partes* review begins by a non-patent owner petitioning the PTO to review the patentability of a patent. See [35 U.S.C. § 311(b)](#). The non-patent owner challenges one or more claims of a patent as invalided under [35 U.S.C. §§ 102](#) (prior art) and/or [103 (obviousness)](#). The patent owner may file a response to argue against the PTO instituting an *inter partes* review. See [37 C.F.R. § 42.107(a)-(b)](#). From there, the PTO may institute *inter partes* review if it determines "there is a reasonable likelihood that the petitioner would prevail with respect to at least one of the claims challenged in the petition." [35 U.S.C. § 314(a)](#). That decision must be made within three months of the patent owner's response, or three months from the last day the patent owner could respond to the petition. See [35 U.S.C. § 314(b)](#).

If the PTO institutes a *inter partes* review, a panel of three administrative patent judges, who have "legal knowledge and scientific ability," conduct the proceedings. See [35 U.S.C. §§ 6(a)-(c), 311](#). The parties engage in limited discovery and respond to arguments, and have the right to an oral hearing. See [35 U.S.C. § 316(a)(10)](#). The PTO must complete the *inter partes* review within one year, with the possibility that the

proceeding may be extended for an additional six months for good cause. See 35 U.S.C. § 316(a)(11). Any party may appeal the PTO's decision to the United States Court of Appeals for the Federal Circuit. See 35 U.S.C. §§ 141-44.

Against this backdrop, the Court will weigh the factors discussed above in order to decide whether to stay this case pending the final exhaustion of the PTO's *inter partes* review.

    2. <u>Analysis of applicable factors</u>

        *a. Stage of litigation*

The Court first examines the stage of the litigation, considering whether discovery is complete and whether a trial date has been set. See Andersons, 2014 WL 1969247, at *2. The early stage of litigation in this case weighs in favor of granting the stay. See Capriola Corp. v. LaRose Indus., LLC, No. 8:12-cv-2346, 2013 WL 1868344, at *3 (M.D. Fla. Mar. 11, 2013) (ordering a stay where litigation was "in the incipient stage"); SurfCast, Inc. v. Microsoft Corp., No. 2:12-CV-333, 2014 WL 6388489, at *2 (D. Me. Nov. 14, 2014) ("The earlier the stage of proceedings, the greater the reason to grant a stay." (citation omitted)). The parties have more than nine months to complete fact discovery and ten months to complete expert discovery, and the trial is set for the May 2016 term. (Doc. #32 at 7); see also Norred v. Medtronic, Inc., No. 13-2061-EFM/TJJ, 2014 WL 554685, at *2 (D. Kan. Feb.12, 2014) (ordering a stay "a few months" after entry of scheduling order and after only "[l]ittle discovery" had been exchanged); Ho Keung Tse v. Apple Inc., No. C-06-06573, 2007 WL 2904279, at *2-3 (N.D. Cal. Oct. 4, 2007) (finding the stage of litigation factor to weigh in favor of a stay where discovery had opened but not proceeded in any material way). The Court also has not held a *Markman* hearing, and the parties

5

have not filed summary judgment. See Automatic Mfg., 2013 WL 6133763, at *4 (finding the litigation stage factor to weigh in favor of stay where discovery remained open for eight months, the *Markman proceedings* had not occurred, and the trial was set for roughly sixteen months later). Accordingly, the lack of material progress in this case favors a stay.

### b. Undue prejudice

The Court next considers whether a stay will cause Plaintiff to suffer undue prejudice or create a tactical advantage for Defendant. Plaintiff appears to contend that granting the stay would prejudicially prolong this litigation indefinitely. (Doc. #35 at 2-3). Although the PTO will issue a decision on or before October 23, 2015, Plaintiff argues the *inter partes* review may not become final for years if there are appeals and remands. (Doc. #35 at 2). This argument is a nonstarter. It is well settled that "[m]ere delay in the litigation does not establish undue prejudice." Universal Elecs., 943 F. Supp. 2d at 1033 (citations omitted); Internet Patents Corp. v. eBags, Inc., No. 12-cv-3385, 2013 WL 4609533, at *4 (N.D. Cal. Aug. 28, 2013) ("[C]ourts have refused to find undue prejudice based solely on delay caused by the reexamination process." (citation omitted)). Plaintiff has done little more than assert that a stay would cause it prejudice, which is insufficient. See Checkfree Corp. v. Metavante Corp., No.3:12-cv-15, 2014 WL 466023, at * (M.D. Fla. Jan. 17, 2014) ("[T]he delay inherent in the re-examination process may cause some prejudice to the non-petitioning party, but such delay does not, by itself, constitute 'undue prejudice.'" (citations omitted)). Plaintiff makes no argument apart from its conclusory position above, and the Court will not devise any on its behalf.

Moreover, Defendant acted diligently in petitioning for *inter partes* review and requesting the stay. Defendant petitioned the PTO for *inter partes* review one day after filing its answer to these claims (Doc. #9). Five days later, Defendant moved to stay this case. (Doc. #12). The Court denied that motion as premature, but specifically allowed Defendant to renew its motion on these facts. (Doc. #21 at 4). Defendant then filed the instant Renewed Motion to Stay within five days of the PTO initiating the *inter partes* review. (Doc. #33; Doc. #34-7). Defendant delayed in neither petitioning the PTO nor moving for a motion to stay. Accordingly, the Court finds that a stay pending resolution of the *inter partes* review poses little risk of undue prejudice or tactical disadvantage to Plaintiff.

   *c. Simplification of the issues*

Finally, the Court considers whether a stay will simplify the litigation. Plaintiff argues the PTO is unlikely to cancel the '652 Patent's claims because Defendant is asserting identical arguments as the COFC heard (and partially rejected) in the parallel patent infringement case with the Government. (Doc. #35 at 3). Plaintiff also avers that a PTO decision that conflicts with the COFC would further complicate this matter. (Doc. #35 at 3).

The Court is unconvinced. In arguing against the PTO instituting an *inter partes* review, Plaintiff raised the very same issue above, i.e., the COFC already rejected Defendant's invalidity arguments on claims 4 and 5 of the '652 Patent's claim. (Doc. #34-7 at 7). The PTO, however, found no credible evidence in the record to support Plaintiff's arguments:

> The [COFC] addressed only whether [the earlier-issued patent] anticipates claims 1-7 of the '652 patent. . . . The Court did not address whether those

>claims were obvious.  Although the Court found that there was a genuine issue of material fact as to whether [the earlier-issued patent] teaches all the limitations of claims 4 and 5, it did not find that [the earlier-issued patent] teaches away from any of the limitations of those claims or the other claims challenged here.

(Doc. #34-7 at 7).  In the end, the PTO granted review of all seven claims of the '652 Patent, finding a reasonable likelihood that Defendant would prevail in showing the unpatentability of the claims.  (Doc. #34-7 at 2).

Additionally, as several cases have noted, staying this case pending the *inter partes* review is likely simplify the issues and streamline the trial.  "[W]aiting for the outcome of the [*inter partes* review] could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims." Target Therapeutics, Inc. v. SciMed Life Sys., Inc., No. C–94–20775, 1995 WL 20470, at *2 (N.D. Cal. Jan. 13, 1995).  It is also advantageous for the PTO, with its recognized legal and technical expertise, to address the unpatentability arguments first.  See SurfCast, 2014 WL 6388489, at *3 ("'[E]ven if certain (or all) of the claims are ultimately confirmed, the Court will likely benefit . . . from the PTO's analysis of prior art that is later presented to the Court.'" (citation omitted)).  And, if Plaintiff is successful, Defendant will be estopped from challenging the validity of the '652 Patent in this action based on obviousness or any other ground it could have reasonably raised during the *inter partes* review.  See 35 U.S.C. § 315(e)(2); Automatic Mfg., 2013 WL 6133763, at *3 ("Even if the PTO does not invalidate the #884 Patent in its entirety, the potential for partial invalidation, the review's collateral estoppel effects, and the PTO's interpretation of the claims will likely narrow the issues and aid the

Court as this action progresses."). The PTO's decision on *inter partes* review could also cause the parties to revamp their positions and litigation strategy considerably.

Staying litigation pending the *inter partes* review "has several other well established benefits, including encouraging settlement without further Court assistance and reducing the costs and efforts associated with needlessly duplicative discovery." Automatic Mfg., 2013 WL 6133763, at *4 (citing Interface, Inc. v. Tandus Flooring, Inc., No. 4:13-cv-46-WSD, 2013 WL 5945177, at *4 (N.D. Ga. Nov. 5, 2013)). Absent a stay, the litigants and Court will invariably expend significant time and resources engaging in claim construction, filing dispositive motions, and preparing for trial. This time and effort would be wasted if the PTO's decision on the *inter partes* review drastically alters the nature of the case. The simplification of issues factor, therefore, weighs in strong favor of staying this case.

For the foregoing reasons, the Court stays this action pending the PTO's final decision in the *inter partes* review of the '652 Patent, including any appeals.

**B.  Parallel COFC case**

As previously noted, Defendant seeks to stay this case until the later of the parallel COFC case against the Government or the conclusion of the *inter partes* review. In denying Defendant's first motion to stay, the Court concluded that the COFC case did not provide guidance to this instant action because the COFC denied the Government's request to assert additional invalidity defenses on claims 4 and 5 of the '652 Patent. (Doc. #21 at 3). Nothing substantively has changed in the posture of the COFC case since the Court's Order dated June 11, 2014. Additionally, the Court only invited Defendant to file a new motion to stay if the PTO granted an *inter parties* review. (Doc. #21 at 4). Since

there is no persuasive basis for Defendant's Renewed Motion to Stay as it relates to the COFC case, the Court declines to stay this case until the conclusion of that matter.

Accordingly, it is now

**ORDERED:**

(1) Defendant FLIR Systems, Inc.'s Renewed Motion to Stay Patent Litigation Proceedings Pending (1) *Inter Partes* Review of Only Patent-In-Suit; and (2) Final Judgment in Parallel Court of Federal Claims Action ([Doc. #33](Doc. #33)) is **GRANTED**.

(2) The Clerk of the Court is directed to **STAY** this case pending the United States Patent and Trade Office's final decision in the *inter partes* review of the '652 Patent, including any appeals. The Clerk is specifically directed to place a stay flag on the docket sheet.

(3) The parties shall file a status report with respect to the *inter partes* review process on or before **March 4, 2015**, and every ninety (90) days thereafter until the PTO proceedings have concluded.

(4) The parties shall file a joint report within **fourteen (14) days** after the conclusion of the *inter partes* review, informing the Court of the PTO's decision and, if applicable, requesting the Court to lift the stay.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of December, 2014.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record